IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| ASHFORD MILFORD | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 3:05-CV-639-T |
| | WO |
| OPELIKA CITY JAIL., *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Ashford Milford, an inmate incarcerated at the Lee County Detention Center located in Opelika, Alabama, filed this 42 U.S.C. § 1983 on July 8, 2005. He complains that his constitutional rights were violated in June 2003 when he was detained in the Opelika City Jail. Specifically, Plaintiff states that he was placed in a security cell by Officer Harris. Plaintiff complains that Officer Harris then tried to kill him by pouring a half gallon of bleach in the cell. Milford alleges that after being held in the security cell for hours he was subsequently transported to the East Alabama Medical Center for medical treatment. Plaintiff seeks money damages.

Upon review of the complaint, the court concludes that dismissal of this case with prejudice prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure

I.  DISCUSSION

It is clear that Milford has filed his complaint outside the applicable statute of limitations. The actions about which Plaintiff complains occurred in June 2003. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The matter about which Plaintiff complains occurred in June 2003.  That portion of the tolling provision which had previously applied to convicted prisoners was rescinded by the Alabama

---

requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended). Consequently, the applicable statute of limitations expired on the claim raised herein in June 2005. Plaintiff filed the instant complaint on July 8, 2005, after the applicable limitations period lapsed. Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id.* at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Under the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action was brought more than two years after the violations about which he complains accrued. The statutory tolling provision is unavailing. In light of the foregoing, the court concludes that Plaintiff's complaint is barred by the applicable statute of limitations, and it is, therefore, subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before August 1, 2005 Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of

issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 18th day of July, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE